IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JO KATHRYN REAVIS, administrator of Estate of JAMES CARL COALE, deceased,   )<br>)<br>) | |
| Plaintiff,   ) | |
| ) | |
| vs.   ) | Case No. CIV-17-138-SPS |
| ) | |
| (1) BLAKE FROST, individually,   )<br>)<br>(2) DERRELL SUMMERS, individually,   )<br>)<br>(3) R. STEVEN WORLEY, in his official capacity,   )<br>)<br>) | |
| Defendants.   ) | |

**DEFENDANT R. STEVEN WORLEY, IN HIS OFFICIAL
CAPACITY'S, ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant R. Steven Worley in his official capacity ("Worley") for his Answer to Plaintiff's Complaint filed on April 12, 2017, hereby denies each and every allegation contained therein unless specifically admitted herein and, for further response, states as follows.

**PARTIES**

1.   Defendant Worley objects to Paragraph 1 of Plaintiff's Complaint because it is in violation of Fed. R. Civ. P. 10(b).  Without waiving and subject to said objection, Defendant Worley is without sufficient information or knowledge to admit or deny all of the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.   Defendant Worley objects to Paragraph 2 of Plaintiff's Complaint because it is in violation of Fed. R. Civ. P. 10(b).  Without waiving and subject to said objection, Defendant Worley denies the allegations in Paragraph 2 of Plaintiff's Complaint as phrased.

3.   Defendant Worley denies the allegations in Paragraph 3 of Plaintiff's Complaint.

4. Defendant Worley admits the allegations in Paragraph 4 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

5. Defendant Worley admits that Plaintiff is attempting to bring a civil action, which she alleges involves a deprivation of James Coale's rights under the United States constitution. However, Defendant Worley denies that he violated James Coale's rights in any way whatsoever, and denies that Plaintiff has any claim against Defendant Worley under any cause of action or theory.

6. Defendant Worley admits that Plaintiff is attempting to bring a civil action, which she alleges involves a deprivation of James Coale's rights under the United States constitution, and that this Court may have jurisdiction over these allegations. However, Defendant Worley denies that he violated James Coale's rights in any way whatsoever, and denies that Plaintiff has any claim against Defendant Worley under any cause of action or theory.

7. Defendant Worley admits that Plaintiff is attempting to bring a civil action, which she alleges includes supplemental state law claims, and that this Court may have jurisdiction over these allegations. However, Defendant Worley denies that Plaintiff has any claim against Defendant Worley under any cause of action or theory.

8. Defendant Worley admits that Plaintiff is attempting to bring a civil action, and that this Court may be the proper venue for the allegations in her civil action. However, Defendant Worley denies that Plaintiff has any claim against Defendant Worley under any cause of action or theory.

## FACTUAL ALLEGATIONS

9. Defendant Worley is without sufficient information or knowledge to admit or deny all of the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. Defendant Worley is without sufficient information or knowledge to admit or deny all of the allegations in paragraph 10 of Plaintiff's Complaint; thus, Defendant denies the allegations.

11-15. Defendant Worley objects to Paragraphs 11-15 of Plaintiff's Complaint because they are in violation of Fed. R. Civ. P. 10(b). Without waiving and subject to said objection, Defendant Worley is without sufficient information or knowledge to admit or deny all of the allegations in paragraphs 11-15 of Plaintiff's Complaint; thus, Defendant denies the allegations.

16. Defendant Worley is without sufficient information or knowledge to admit or deny all of the allegations in paragraph 16 of Plaintiff's Complaint; thus, Defendant, denies the allegations.

17. Defendant Worley objects to Paragraph 17 of Plaintiff's Complaint because it is in violation of Fed. R. Civ. P. 10(b). Without waiving and subject to said objection, Defendant Worley is without sufficient information or knowledge to admit or deny all of the allegations in paragraph 17 of Plaintiff's Complaint; thus, Defendant denies the allegations.

18. Defendant Worley objects to Paragraph 18 of Plaintiff's Complaint because it is in violation of Fed. R. Civ. P. 10(b). Without waiving and subject to said objection, Defendant Worley admits that he was elected Sheriff on November 8, 2017. Defendant Worley is without sufficient information or knowledge to admit or deny all of the remaining allegations in paragraph 18 of Plaintiff's Complaint; thus, Defendant denies the remaining allegations.

19. Defendant Worley is without sufficient information or knowledge to admit or deny all of the allegations in paragraph 19 of Plaintiff's Complaint; thus, Defendant denies the allegations.

20-21. Defendant Worley objects to Paragraph 20-21 of Plaintiff's Complaint because they are in violation of Fed. R. Civ. P. 10(b). Without waiving and subject to said objection, Defendant Worley is without sufficient information or knowledge to admit or deny all of the allegations in paragraphs 20-21 of Plaintiff's Complaint; thus, Defendant denies the allegations.

## FIRST CLAIM FOR RELIEF
*Violation of 42 U.S.C. § 1983 against Frost*

22. Defendant Worley adopts and incorporates the responses to paragraphs 1-21 above, as if fully set forth herein.

23-28. The allegations contained in Paragraphs 23-28 of Plaintiff's Complaint are not directed at Defendant Worley, so no response is necessary. To the extent a response is necessary, the allegations are denied as phrased.

## SECOND CLAIM FOR RELIEF
*42 U.S.C. § 1983 Municipal Liability against Okfuskee County*
*Sheriff R. Steven Worley in his Official Capacity*

29. Defendant Worley adopts and incorporates the responses to paragraphs 1-28 above, as if fully set forth herein.

30. Defendant Worley objects to Paragraph 30 of Plaintiff's Complaint because it is in violation of Fed. R. Civ. P. 10(b). Without waiving and subject to said objection, the allegations in Paragraph 30 of Plaintiff's Complaint are denied as phrased.

31-36. Defendant Worley objects to Paragraphs 31-36 of Plaintiff's Complaint because they are in violation of Fed. R. Civ. P. 10(b). Without waiving and subject to said objection, the allegations in Paragraphs 31-36 of Plaintiff's Complaint are denied.

37-39. The allegations in Paragraphs 37-39 of Plaintiff's Complaint are denied.

40. Defendant Worley admits that Plaintiff is apparently demanding judgment against Defendant Worley, but Defendant Worley maintains that Plaintiff cannot recover under any claim or any theory against Defendant Worley.

### THIRD CLAIM FOR RELIEF
*42 U.S.C. § 1983 Supervisory Liability against Okfuskee County Sheriff Summers, Individually*

41. Defendant Worley adopts and incorporates the responses to paragraphs 1-40 above, as if fully set forth herein.

42-47. The allegations contained in Paragraphs 42-47 of Plaintiff's Complaint are not directed at Defendant Worley, so no response is necessary. To the extent a response is necessary, the allegations are denied as phrased.

### FOURTH CLAIM FOR RELIEF
*Wrongful Death in violation of 12 O.S. § 1053 against Okfuskee County Sheriff's Department*

48. Defendant Worley adopts and incorporates the responses to paragraphs 1-47 above, as if fully set forth herein.

49-51. The allegations contained in Paragraphs 49-51 of Plaintiff's Complaint are not directed at Defendant Worley, but at the Okfuskee County Sheriff's Department (which is not a party to this suit), so no response is necessary. To the extent a response is necessary, Defendant Worley is without sufficient information or knowledge to admit or deny all of the allegations in paragraphs 49-51 of Plaintiff's Complaint; thus, Defendant denies the allegations.

### FIFTH CLAIM FOR RELIEF
*Wrongful Death pursuant to 12 O.S. § 1053 against Frost*

52. Defendant Worley adopts and incorporates the responses to paragraphs 1-51 above, as if fully set forth herein.

53-55. The allegations contained in Paragraphs 53-55 of Plaintiff's Complaint are not directed at Defendant Worley, so no response is necessary. To the extent a response is necessary, the allegations are denied as phrased.

## SIXTH CLAIM FOR RELIEF
*Negligent training, hiring, and supervision against Okfuskee County Sheriff's Department*

56. Defendant Worley adopts and incorporates the responses to paragraphs 1-55 above, as if fully set forth herein.

57-61. The allegations contained in Paragraphs 57-61 of Plaintiff's Complaint are not directed at Defendant Worley, but at the Okfuskee County Sheriff's Department (which is not a party to this suit), so no response is necessary. To the extent a response is necessary, Defendant Worley is without sufficient information or knowledge to admit or deny all of the allegations in paragraphs 57-61 of Plaintiff's Complaint; thus, Defendant denies the allegations.

Defendant Worley denies that Plaintiff is entitled to any of the damages asserted in the "Wherefore" paragraph as contained in Plaintiff's Complaint.

## **DEFENSES**

Defendant R. Steven Worley, in his official capacity ("Worley") for his defenses to Plaintiff's Complaint on file herein, alleges and states as follows:

1. Plaintiff has failed to state a cause of action against Defendant Worley for any constitutional violation.

2. Plaintiff has failed to state a claim for any remedies under 42 U.S.C. §1983.

3. Plaintiff has failed to set forth any allegations which would create a material issue of fact as to the requisite culpable state of mind of deliberate indifference on behalf of Defendant Worley.

4. Defendant Worley is not liable in his official capacity under 42 U.S.C. §1983 for claims based on a theory of *respondeat superior* or vicarious liability.

5. Defendant Worley has not executed or implemented any policy or custom which can be found in any ordinance, regulation or a policy statement which resulted in a constitutional violation to the Plaintiff.

6. The current Sheriff of Okfuskee County is the only final policy maker regarding operations of the Okfuskee County Sheriff' Office. Derrell Summer has no official capacity.

7. Defendant Worley is not liable for the actions of any person or entity over whom he had no authority or control.

8. There was no underlying unconstitutional act that would impose liability on Defendant Worley.

9. Plaintiff failed to state a claim against Defendant Worley for any state action.

10. The proper party for any claims under state law is the Board of County Commissioners of Okfuskee County.

11. Defendant Worley is not a proper party to any claims under state tort law.

12. Defendant Frost's actions were objectively reasonable.

13. Defendant Frost was acting in self-defense.

14. To the extent Defendant Frost's actions were not objectively reasonable or not in self-defense, he was acting outside the scope of his employment.

15. Defendant Worley is immune from suit under the Oklahoma Governmental Tort Claims Act.

16. Plaintiff, as listed, may not be a proper party.

17. Defendant Frost was properly hired, trained, and supervised.

18. Plaintiff fails to state a claim under the Oklahoma Governmental Tort Claims Act.

19. Defendant Worley denies that he or any of his predecessors or employees were negligent, however, if it is determined that he or any of his employees were negligent, then the negligence of James Carl Coale, deceased, exceeds the negligence of the Defendant Worley and/or his predecessors and employees and bars Plaintiff's recovery herein.

20. To the extent that Plaintiff may be claiming punitive damages, Defendant Worley is immune from any award of punitive damages pursuant to the Oklahoma Governmental Tort Claims Act and §1983.

21. Any damages suffered by Plaintiff and/or James Carl Coale, deceased, were caused by intentional acts of James Carl Coale or a third party over whom Defendant Worley had no control or right to control.

22. Plaintiff's claims may be barred by the relevant statute of limitations.

23. Derrell Summers no longer has an official capacity.

24. Plaintiff has failed to state a claim for relief under his 4th and 6th claims for relief.

25. The Okfuskee County Sheriff's Office is not a party to this lawsuit.

26. Defendant Worley reserves the right to add any additional defenses or affirmative defenses, as they become available or known through discovery.

WHEREFORE, above premises considered, Defendant R. Steven Worley in his official capacity, requests that Plaintiff take nothing by reason of her Complaint, and that he be dismissed with attorney's fees and costs.

Respectfully submitted,

s/ Jordan L. Miller
Chris J. Collins, OBA No. 1800
Jordan L. Miller, OBA No. 30892
COLLINS, ZORN & WAGNER, P.C.
429 NE 50th, Second Floor
Oklahoma City, Oklahoma 73105
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
E-mail Address for service:
cjc@czwlaw.com
jlm@czwlaw.com

ATTORNEYS FOR DEFENDANT R. STEVEN WORLEY, IN HIS OFFICIAL CAPACITY

## CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Carla R. Stinnett - via electronic mail: carla@stinnettlaw.com
Andrew Casey - via electronic mail: andrew@stinnettlaw.com
STINNETT LAW
404 East Dewey Avenue, Suite 202
Sapulpa, OK 74066
*Attorneys for Plaintiff*

Robert S. Lafferrandre – via electronic mail: rlafferrandre@piercecouch.com
Randall J. Wood - via electronic mail: rwood@piercecouch.com
Jessica L. Dark – via electronic mail: jdark@piercecouch.com
PIERCE COUCH HENDRICKSON
  BAYSINGER & GREEN, L.L.P.
1109 N. Francis
Oklahoma City, OK 73106
*Attorneys for Defendant Blake Frost*

s/ Jordan L. Miller
Jordan L. Miller